Brinkerhoff, J.
The question as to the constitutional *680 power of the general assembly to authorize assessments for ditching and drainage, was fully considered by this court in Reeves v. The Treasurer of Wood County, 8 Ohio St. Rep. 333, and such power was there held to exist, whenever the public health, convenience or welfare demanded such assessments, to as full an extent as it did under the constitution of 1802. In that case, the act of May 1, 1854, “ authorizing the trustees of townships to establish watercourses,” etc., and the amendatory act of April 14, 1857, were held to be unconstitutional, inasmuch as they authorized an appropriation of private property without reference to the public welfare. But the act of March 24, 1853, “ to provide for locating, establishing, and constructing ditches, drains and watercourses” (Swan & Critchfield’s Stat. 523), here called in question, steers clear of that objection; and, as now advised, we can see no ground on which it can be well claimed to conflict with the constitution.
It is possible, perhaps, that, in the administration of this act, eases may arise presenting so gross an abuse of the powers it confers, as to justify and require the interposition of a court of equity, by injunction, or otherwise. When such case arises, it will be proper to consider it. This is not such a case.

Judgment affirmed.

Scott, C.J., and Sutliff, Peck and Uholson, JJ., concurred.